**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: SHENANDOAH NURSING HOME
PARTNERSHIP,
<u>Debtor.</u>

CONTINENTAL SECURITIES
CORPORATION,                                              No. 96-1533
<u>Creditor-Appellant,</u>

v.

SHENANDOAH NURSING HOME
PARTNERSHIP,
<u>Debtor-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CA-95-81-H, BK-94-481-5-WA-11)

Argued: December 2, 1996

Decided: December 24, 1996

Before RUSSELL, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Joseph J. Wielebinski, MUNSCH, HARDT, KEPF,
HARR & DINAN, P.C., Dallas, Texas, for Appellant. William Enten-

mann Shmidheiser, III, WHARTON, ALDHIZER & WEAVER, P.L.C., Harrisonburg, Virginia, for Appellee. **ON BRIEF:** Stephen C. Stapleton, MUNSCH, HARDT, KEPF, HARR & DINAN, P.C., Dallas, Texas; Augustus C. Epps, Jr., Andrew J. Dolson, CHRISTIAN & BARTON, L.L.P., Richmond, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Continental Securities Corporation ("CSC") appeals the district court's order affirming the bankruptcy court's confirmation of Shenandoah Nursing Home's reorganization plan.

Shenandoah Nursing Home Partnership was formed on April 3, 1986 to construct, own, and operate a nursing home in Fishersville, Virginia. The partnership had difficulty gaining funding or completing the construction and in June of 1990 was forced to bring in Raymond Eavers as a partner. Soon thereafter, in December of 1990, the partnership borrowed $2,339,900 from Continental Securities Corporation ("CSC") at an interest rate of 11.25% per annum through the date of final endorsement, and 11% per annum thereafter. The loan was secured by a Deed of Trust on the nursing home. The loan also included a so-called "lock-out" provision, which stated that "[p]repayment in whole or in part is prohibited prior to December 1, 2001." The lock-out provision included no stated penalty for prepayment.

On February 9, 1991 one of the Shenandoah partners, Byron Sample, died. The partnership elected not to continue, and under Virginia law the partnership dissolved. But, the "winding up" process was contentious, and during state court proceedings the remaining partners decided that they could not settle all of Shenandoah's obligations

2

without filing for bankruptcy in federal court. On July 1, 1994 Shenandoah filed a voluntary petition for bankruptcy under Chapter 11. See 11 U.S.C. § 1101 (1994) et seq. On July 31, 1995 the bankruptcy court entered an order confirming the second amended plan of reorganization ("plan"). The plan "accelerated" CSC's loan: CSC was to be paid the principal of the loan, as well as all interest accrued between the filing of the Chapter 11 petition and the plan's confirmation date.

CSC strongly objected to the plan because it violated the "lock-out" provision in the loan, and did not recompense CSC for its lost future interest, or grant any penalty or damages for the violation of the lock-out provision. On this basis, CSC moved for reconsideration and a stay before the bankruptcy court. After the bankruptcy court denied CSC's motions, CSC appealed to the district court. On September 11, 1995, the district court also denied CSC's motion for a stay. Continental Sec. Corp. v. Shenandoah Nursing Home , 188 B.R. 205 (W.D. Va. 1995). On October 3, 1995, we denied Continental's application for a writ of mandamus. In re Continental Sec. Corp., No. 95-2683 (4th Cir. Oct. 3, 1995). The next day, CSC sent an accounting to Shenandoah requesting payment under the plan for the principal and the accrued interest under the loan. Shenandoah paid in full the amount requested by CSC.

CSC then appealed the confirmation of the plan to the district court. On March 8, 1996, the district court upheld the bankruptcy court's order confirming the plan. Continental Sec. Corp. v. Shenandoah Nursing Home, 193 B.R. 769 (W.D. Va. 1996). CSC has now appealed to this court.

The bulk of CSC's claims involve its loss of future interest under the loan. CSC asserts that the bankruptcy court did not have authority to confirm a reorganization plan that violated the lockout provision, and that even if it could, the court erred by holding that CSC was not an "impaired" creditor under the plan. CSC argues that if the bankruptcy court had correctly held it was an "impaired" creditor the plan could not have been confirmed under 11 U.S.C. § 1129 (1994) because no impaired creditor accepted the plan. Alternatively, CSC maintains that the plan failed under § 1129 because it was filed in bad faith, and violated federal law. Both the bankruptcy court and the district court rejected these arguments.

We have reviewed the record carefully and, after having considering the extensive briefs and arguments of counsel, we agree with the district court's thorough opinion with respect to the issues before us. Therefore the judgment of the district court is hereby

<u>AFFIRMED</u>.

4